UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTA GLADNEY,

    Petitioner,             Case Number 2:20-CV-11521
                                   HONORABLE GEORGE CARAM STEEH
v.                                 UNITED STATES DISTRICT JUDGE

JEREMY HOWARD,

    Respondent.
_____/

**<u>OPINION AND ORDER HOLDING IN ABEYANCE
THE PETITION FOR A WRIT OF HABEAS CORPUS
AND ADMINISTRATIVELY CLOSING THE CASE</u>**

Krista Gladney, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* pleading which the Clerk's Office construed and filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner in her pleading indicates that she wishes to file a habeas petition, challenging her convictions. Petitioner does not indicate in her pleading what she was convicted of, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Wayne County Circuit Court for first-degree murder, Mich. Comp. Laws § 750.316; felon in possession of a

firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

Petitioner asks for an extension of time to file a petition for a writ of habeas corpus and a memorandum of law in support of her petition. Petitioner claims she needs the extension because the Coronavirus pandemic has forced the prison where she is incarcerated to close its law library, making it impossible for her to research and write a proper habeas petition. Petitioner claims that the one year statute of limitations for her case will expire on October 29, 2020. Petitioner asks for an extension of time to file her petition.

The Court construes petitioner's letter as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because she indicates that she wishes to seek habeas relief on her claims but requests an extension of time to file a more properly researched petition and brief. *See e.g. Sueing v. Palmer*, 503 F. App'x 354, 356-57 (6th Cir. 2012) (petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638, n. 4 (E.D. Mich. 2015), *rev'd sub nom. on other grds Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017)(district court construed

petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus). A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court, as petitioner appears to have done. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

The Court, however, recognizes that petitioner's current petition is devoid of any claims. A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g. Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). This Court is willing to grant petitioner an extension of time to file an amended habeas petition which contains the claims that she wishes to raise in her petition. The Court will also grant petitioner an extension of time to file a memorandum of law in support of her claim. A habeas petitioner is permitted to assert his or her claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).

The Court will grant petitioner an extension of time to file an amended habeas petition and memorandum in support of the petition. The Court is well aware of the seriousness of the Coronavirus and its impact in particular on prison operations and the life of the inmates who are incarcerated at these facilities. Governor Gretchen Whitmer has, in fact,

just extended the State of Emergency for the State of Michigan until at least August 11, 2020, due to a rise in Coronavirus cases. *See* Rivals, Whitmer unite for mask message. Detroit Free Press, July 16, 2020, 2020 WLNR 19769644.

Petitioner shall have ninety days from the date that the Governor's State of Emergency is lifted to file her amended habeas petition and her memorandum of law in support of the petition. *See Pickens v. Shoop*, No. 1:19-CV-558, 2020 WL 3128536, at *2 (S.D. Ohio June 12, 2020). Petitioner shall file a motion to reopen the petition when she files her amended habeas petition and memorandum of law.

Finally, the Court notes that petitioner's habeas petition is deficient because she failed to pay the $ 5.00 filing fee or an application to proceed *in forma pauperis*. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). A Deficiency Order was signed on June 22, 2020, giving petitioner until July 13, 2020, to correct the deficiency. In lieu of enforcing the deficiency order, the Court will hold the current petition in abeyance and stay the proceedings. However, when petitioner moves to reopen the case, she will be required to pay either the $ 5.00 filing fee or submit an application to proceed *in forma pauperis*.

## ORDER

**IT IS ORDERED** that:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance. Petitioner is **GRANTED** an extension of time to file an amended habeas petition and memorandum of law in support of the petition. Petitioner shall have **ninety (90) days** from the time that the Coronavirus State of Emergency ends in the State of Michigan to file her amended habeas petition and memorandum of law. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption. Petitioner shall submit either the $ 5.00 filing fee or an application to proceed *in forma pauperis* when she moves to reopen the case.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-944 (E.D. Mich. 2015).

(3) Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

Dated:  July 15, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 20, 2020, by electronic and/or ordinary mail and also on Krista Gladney #276752, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk