UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTA GLADNEY,

          Petitioner,         Case Number 2:20-CV-11521
                                 HON. GEORGE CARAM STEEH

   v.

JEREMY HOWARD,

          Respondent.
_____/

## OPINION AND ORDER (1) GRANTING THE MOTION TO REOPEN THE CASE (ECF No. 11), (2) GRANTING THE MOTION TO AMEND THE HABEAS PETITION (ECF No. 11), (3) GRANTING THE MOTION TO STAY THE PROCEEDINGS AND HOLD IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE (ECF No. 17), AND DENYING THE MOTIONS FOR EMERGENCY RELEASE (ECF No. 18), FOR AN EVIDENTIARY HEARING (ECF No. 19), AND FOR THE APPOINTMENT OF COUNSEL (ECF No. 20)

Krista Gladney, ("Petitioner"), filed a *pro se* pleading which the Clerk's Office construed and filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was held in abeyance and administratively closed because petitioner needed an extension of time to file a proper habeas petition because the Coronavirus pandemic forced the prison where she is incarcerated to close its law library. (ECF No. 9).

Petitioner filed a motion to reopen the case and to file an amended habeas petition.  The motion is GRANTED.  The Clerk of the Court is

- 1 -

ordered to reopen the case to the Court's active docket.  The motion to amend the habeas petition is GRANTED.

Petitioner also filed a motion to again stay the proceedings and hold the petition in abeyance while she returns to the state courts to properly exhaust several of the claims contained in her amended petition.  Petitioner also filed motions for emergency release, for an evidentiary hearing, and for the appointment of counsel.

For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to properly exhaust her claims, failing which the petition shall be dismissed without prejudice.  The Court will also administratively close the case.  Petitioner's other motions are denied at this time.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009).  Petitioner has now filed an amended habeas petition which contains the claims she wishes to raise, along with a memorandum of law and an appendix.  The Clerk of the Court is ordered to reopen the case.  The Court will permit petitioner to file the amended petition.  Petitioner's proposed amended habeas petition

should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

Petitioner has moved again for the case to be stayed and the petition held in abeyance because she acknowledges that several of her claims were not properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.*  Federal district courts must dismiss mixed habeas petitions which contain both exhausted

and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner acknowledges that she did not raise several of her claims in her appeal of right before the Michigan Court of Appeals. Petitioner only raised these claims for the first time in her application for leave to appeal before the Michigan Supreme Court.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to raise several of her claims on her direct appeal with the Michigan Court of Appeals, thus, her subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Moreover, in several places petitioner indicates that she may have raised several of her claims before the Michigan appellate courts, but only under a different theory. It is unclear if petitioner is referring to the claims she raised before the Michigan Court of Appeals or the claims she raised before the Michigan Supreme Court. A claim may be considered "fairly

- 4 -

presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).  To the extent that some or all of these claims were never presented to either Michigan appellate court under the same theory now being raised before this Court, the claims are unexhausted.

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003).  Petitioner has an available state court remedy with which to exhaust her claims.  Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419.  Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under

M.C.R. 6.502.  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner would then be required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that she would raise in her post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts.  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). A federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his or her unexhausted claims to the state courts in the

first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 544 U.S. 269, 272-78 (2005).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419.  Further, petitioner asserts that she did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn. 4 and 5.  Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that she had to properly raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting her state court remedies, the Court imposes upon petitioner time limits within

- 7 -

which she must proceed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th

Cir. 2002).  Petitioner must present her claims in the state court by filing a

post-conviction motion for relief from judgment with the state trial court

within sixty days from the date of this Order. *See id.*  Further, she must ask

this Court to lift the stay within sixty days of exhausting her state court

remedies. *See id.*  "If the conditions of the stay are not met, the stay may

later be vacated nunc pro tunc as of the date the stay was entered, and the

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation

omitted).

The Court denies petitioner's other motions.

Petitioner filed a motion for emergency release on bond.

In order to receive bond pending a decision on the merits of a habeas

corpus petition, a petitioner must show a substantial claim of law based on

the facts and exceptional circumstances justifying special treatment in the

interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin,*

437 F.3d 519, 526, n. 10 (6th Cir. 2006).  There will be few occasions

where a habeas petitioner meets this standard. *Dotson*, 900 F.2d at 79.

Federal courts may grant bail when granting the writ. *See Sizemore v.*

*District Court,* 735 F.2d 204, 208 (6th Cir. 1984).  By implication, a federal

court should not grant bail under other circumstances.  In light of the fact that petitioner has failed to establish at this time that she would prevail on the merits of her claims, she is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x 620, 621-22 (6th Cir. 2003).

Petitioner, however, seeks release on bond, claiming that her health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates.

The Court is sympathetic to petitioner's concerns.  Nonetheless, petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the claims that she wishes to raise in her habeas petition.  As such, the claims and relief requested in petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at \*4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to her habeas petition." *Id.*

There is no allegation that petitioner has been exposed to the Coronavirus, nor has she shown that the State of Michigan is unable or unwilling of protecting her and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at \*3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315,

2020 WL 2733882 (E.D. Mich. May 26, 2020).  The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19.  The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.*

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas

and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut petitioner's argument that exceptional circumstances exist to justify her release on bond.  The Court denies the motion for emergency release.

Petitioner's motion for an evidentiary hearing is denied as premature because petitioner has yet to exhaust her claims with the state courts. *See e.g. Alley v. Bell,* 307 F.3d 380, 388-90 (6th Cir. 2002).

The Court will deny petitioner's motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).  In light of the fact that petitioner has failed to exhaust her state court remedies, she is not entitled to the appointment of counsel to assist her with her habeas petition. *See e.g. Dupree v. Jones,* 281 F. App'x 559, 561 (7th Cir. 2008). Moreover, a trial court in Michigan is authorized to appoint counsel for the petitioner in order to assist with the post-conviction proceedings. *See* M.C.R. 6.505; *see also Nasr v. Stegall,* 978 F. Supp. at 717.  Petitioner

should therefore direct her request for the appointment of post-conviction

counsel to the trial court.

## ORDER

**IT IS ORDERED** that petitioner may file a motion for relief from

judgment with the state court within **sixty (60) days of receipt of this**

**Court's order.**  If petitioner fails to file a motion for relief from judgment

with the state courts by that date**,** the Court will dismiss her petition without

prejudice.

If petitioner files a motion for relief from judgment, she shall notify this

Court that such motion papers have been filed in state court.  The case will

then be held in abeyance pending the petitioner's exhaustion of the claims.

Petitioner shall file a motion to lift the stay using the same caption and case

number within **sixty (60) days after the conclusion of the state court**

**post-conviction proceedings**.  Petitioner is free at that time to file an

amended habeas petition containing the arguments that she raised before

the state courts with respect to these claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of

Court to **CLOSE** this case for statistical purposes only.  Nothing in this

order or in the related docket entry shall be considered a dismissal or

disposition of this matter.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS FURTHER ORDERED** that the remaining motions are **DENIED**.

Dated:  February 11, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2021, by electronic and/or ordinary mail and also on  Krista Gladney #276752, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk

---