UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTA GLADNEY,

      Petitioner,

                                    Case No. 2:20-CV-11521

v.

                                    Hon. George Caram Steeh

JEREMY HOWARD,

      Respondent.

_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE HER POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT (ECF No. 22) AND (2) DENYING THE MOTION FOR THE REQUEST OF COURT DOCUMENTS (ECF No 23)**

Krista Gladney, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was held in abeyance and administratively closed so that petitioner could return to the state courts to exhaust additional claims.

Petitioner has filed a motion for an extension of time to file her post-conviction motion for relief from judgment in the state courts. Petitioner has also filed a motion to request the production of documents.

Petitioner claims that she needs more time to prepare and file her post-conviction motion because a resurgence of the Covid-19 Pandemic has led

to a lockdown at the prison where she is incarcerated and a temporary closure of the prison law library. Petitioner also claims that she was hospitalized at the University of Michigan for a week after having surgery, which prevented her from working on her post-conviction motion. Petitioner claims she needs additional time to research and prepare her post-conviction motion.

Petitioner is granted a sixty day extension of time to file her motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner did all that she could reasonably do to file her state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing the motion with the state courts on time, in part, because of the lockdown of the prison and closure of the prison library due to the COVID-19 Pandemic. Accordingly, an extension of time should be granted to petitioner. *See Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008).

The Court grants petitioner a sixty day extension of time from the date of this order to initiate post-conviction proceedings in the state courts.

Petitioner is still required to return to federal court within sixty days of completing the exhaustion of state court post-conviction remedies.

Petitioner has also filed a motion to request production of documents to support her post-conviction motion.

M.C.R. 6.507 provides that with respect to a post-conviction motion for relief from judgment, the parties may "expand the record by including any additional materials [the court] deems relevant to the decision on the merits of the motion. The expanded record may include letters, affidavits, documents, [and] exhibits...." *See also People v. Grissom,* 492 Mich. 296, 330, n. 16, 821 N.W.2d 50, 68 (2012)(Kelly, J., concurring). Michigan thus provides a basis for limited discovery in post-conviction proceedings. Petitioner should direct her request for discovery to the state trial court. The motion for request for court documents is denied.

### ORDER

It is **ORDERED** that the motion for an extension of time is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss her petition without prejudice.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition containing the arguments that she raised before the state courts with respect to these claims.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT is further **ORDERED** that the motion for production of documents is **DENIED**.

Dated:  March 26, 2021

                                                                               s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


- 5 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 26, 2021, by electronic and/or ordinary mail and also on Krista Gladney #276752, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/B. Sauve
Deputy Clerk